UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEVIS JULIAN JONES, | No. 2:13-cv-1285 DAD P |
| Plaintiff, | |
| v. | ORDER |
| SHASTA COUNTY JAIL CLASSIFICATION CORRECTIONAL OFFICIALS, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
3  1915(b)(2).

## SCREENING REQUIREMENT

5       The court is required to screen complaints brought by prisoners seeking relief against a
6  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
7  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
8  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
10 U.S.C. § 1915A(b)(1) & (2).

11      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
13 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989); Franklin, 745 F.2d at 1227.

18      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
19 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
21 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
22 However, in order to survive dismissal for failure to state a claim a complaint must contain more
23 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
24 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
25 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
26 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
27 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
28 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S AMENDED COMPLAINT[1]

In the present case, plaintiff has named the "Shasta County Jail Classification Correctional Officials" as the defendants in this action. Plaintiff alleges that on May 26, 2013, he and three other African American inmates were the victim of a hate crime when eleven white inmates assaulted them. According to plaintiff, African American inmates are surrounded by racial tension and are outnumbered at all times in the Shasta County Jail. Plaintiff claims that despite

/////

---

[1] Before the court had an opportunity to screen plaintiff's original complaint, he filed an amended complaint. The court will proceed on plaintiff's amended complaint as the operative pleading.

1  this, classification officers fail to use caution when assigning inmates housing.  In terms of relief,

2  plaintiff requests monetary damages.  (Am. Compl. at 3.)

3  **DISCUSSION**

4  The allegations of plaintiff's amended complaint are so vague and conclusory that the

5  court is unable to determine whether the current action is frivolous or fails to state a claim for

6  relief.  The amended complaint does not contain a short and plain statement as required by Fed.

7  R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must

8  give fair notice to the defendants and must allege facts that support the elements of the claim

9  plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

10  Plaintiff must allege with at least some degree of particularity overt acts which defendants

11  engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the

12  requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  However, the

13  court will grant plaintiff leave to file a second amended complaint.

14  If plaintiff chooses to file a second amended complaint, he must allege facts

15  demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal

16  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition,

17  plaintiff must allege in specific terms how each named defendant was involved in the deprivation

18  of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some

19  affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

20  v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

21  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official

22  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

23  268 (9th Cir. 1982).

24  Plaintiff's amended complaint suffers from a number of deficiencies.  As an initial matter,

25  plaintiff has not identified any specific defendants in this action.  Rather, he only lists "Shasta

26  County Jail Classification Correctional Officials" as the defendants.  In any amended complaint

27  plaintiff elects to file, he should identify these correctional officials by name.  Plaintiff is advised

28  that the court cannot order service of a complaint on defendants not actually identified by name.

In addition, insofar as plaintiff wishes to proceed on a failure to protect claim, he is advised that the Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). It is well established that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.'" Id. at 834. However, prison officials do not incur constitutional liability for every injury suffered by a prisoner at the hands of another prisoner. Id.

If plaintiff elects to proceed with a failure to protect claim, he must allege facts that, if proven, would objectively establish that he suffered a "sufficiently serious" deprivation. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also allege that subjectively each named defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511 U.S. at 834. A prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. Id.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be

1  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
2  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
3  Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves
4  any function in the case.  Therefore, in a second amended complaint, as in an original complaint,
5  each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTTERS**

Also pending before the court is plaintiff's motion for appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file a second complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint;" failure to file a second amended complaint in accordance with this order will result in dismissal of this action without prejudice.

    5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated: February 13, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jone1285.14a