UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEVIS JULIAN JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHASTA COUNTY JAIL CLASSIFICATION CORRECTIONAL OFFICIALS,<br><br>　　　　　Defendants. | No.  2:13-cv-1285 DAD P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended complaint.

**SCREENING REQUIREMENT**

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989); Franklin, 745 F.2d at 1227.

6      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

7  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

9  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

10  However, in order to survive dismissal for failure to state a claim a complaint must contain more

11  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

12  allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550

13  U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

14  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

15  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16  doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17      The Civil Rights Act under which this action was filed provides as follows:

18      Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
19      deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
20      law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  omits to perform an act which he is legally required to do that causes the deprivation of which

27  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

28  /////

1    Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
2    their employees under a theory of respondeat superior and, therefore, when a named defendant
3    holds a supervisorial position, the causal link between him and the claimed constitutional
4    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
5    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
6    concerning the involvement of official personnel in civil rights violations are not sufficient.  See
7    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

9    In his second amended complaint, plaintiff identifies JOHN and JANE DOES as the
10   defendants.  Plaintiff alleges in his complaint that a riot took place at the Shasta County Jail, and
11   that he and three other African American inmates were victims of a hate crime when they were
12   assaulted and suffered great bodily injury at the hands of eleven white inmates.  Plaintiff claims
13   that African American inmates are far outnumbered by white inmates at the Shasta County Jail,
14   yet correctional officers do not use caution when they give inmates their housing assignments.
15   (Sec. Am. Compl. at 3-4.)

**DISCUSSION**

17   The allegations of plaintiff's second amended complaint are so vague and conclusory that
18   the court is unable to determine whether the current action is frivolous or fails to state a claim for
19   relief.  The amended complaint does not contain a short and plain statement as required by Fed.
20   R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must
21   give fair notice to the defendants and must allege facts that support the elements of the claim
22   plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).
23   Plaintiff must allege with at least some degree of particularity overt acts which defendants
24   engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the
25   requirements of Fed. R. Civ. P. 8(a)(2), his second amended complaint must be dismissed.
26   However, the court will grant plaintiff leave to file a third and final amended complaint.
27   If plaintiff chooses to file a third amended complaint, he must identify the defendants by
28   name in that complaint.  As the court previously advised plaintiff, the court cannot order service

of a complaint on defendants not actually identified by name but instead referred to merely as "Does." In his second amended complaint, plaintiff notes that he tried to write a letter to the Shasta County Jail to obtain a copy of the incident report written after the riot but received no response. The court advises plaintiff that he should use whatever means available to him, such as the inmate administrative grievance process, to try to obtain the names of the correctional staff that he believes violated his constitutional rights. Plaintiff's failure to identify any defendants by name in his third amended complaint will result in dismissal of this action without prejudice.

Turning now to plaintiff's constitutional claim for failure to protect, he is advised once again that the Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). It is well established that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offense against society.'" Id. at 834. However, prison officials do not incur constitutional liability for every injury suffered by a prisoner at the hands of another prisoner. Id.

If plaintiff elects to proceed with a failure to protect claim, he must allege facts that, if proven, would objectively establish that he suffered a "sufficiently serious" deprivation. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also allege that subjectively each named defendant had a culpable state of mind in allowing or causing the

1   plaintiff's deprivation to occur.  Farmer, 511 U.S. at 834.  A prison official violates the Eighth
2   Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards
3   that risk by failing to take reasonable measures to abate it."  Id. at 847.  Under this standard, a
4   prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to
5   the inmate's health or safety.  Id.  In short, as he has been previously advised, plaintiff must
6   allege facts in his third amended complaint which would satisfy these standards.  Such facts
7   would include the nature of the injuries that he suffered in the alleged attack and facts from which
8   a jury could find that the correctional staff named as defendants were aware of the substantial risk
9   of serious harm plaintiff faced and nonetheless failed to take reasonable measures to prevent that
10  harm to plaintiff.

11      Plaintiff is also again reminded that the court cannot refer to prior pleadings in order to
12  make his third amended complaint complete.  Local Rule 220 requires that an amended complaint
13  be complete in itself without reference to any prior pleading.  This is because, as a general rule,
14  an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
15  Cir. 1967).  Once plaintiff files a third amended complaint, the prior pleading no longer serves
16  any function in the case.  Therefore, in a third amended complaint, as in an original complaint,
17  each claim and the involvement of each defendant must be sufficiently alleged.

18                                  **OTHER MATTTERS**

19      Also pending before the court is plaintiff's motion for appointment of counsel.  The
20  United States Supreme Court has ruled that district courts lack authority to require counsel to
21  represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,
22  298 (1989).  In certain exceptional circumstances, the district court may request the voluntary
23  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017
24  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25      The test for exceptional circumstances requires the court to evaluate the plaintiff's
26  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
27  light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,
28  1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (Doc. No. 19) is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint"; failure to file a third amended complaint in accordance with this order will result in dismissal of this action without prejudice;

3. Plaintiff's motion for appointment of counsel (Doc. No. 20) is denied; and

4. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated: July 11, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
jone1285.14am